WOODWARD'S EXECUTORS *vs.* DUNSTER and others.

Where a testator ordered his executors to pay, at his son's death, to the children of his son, if the latter should leave any children, a sum of money, the executors were ordered to invest the money, and to pay the interest, during the life of the son, to the residuary legatees.

. Bill for construction of will.

*Mr. J. V. Voorhees* and *Messrs. Bartine & Davis*, for complainants.

THE CHANCELLOR.

The will of Oliver Woodward, deceased, after directing payment of the testator's debts and funeral expenses, gives to his widow, household and kitchen furniture to the value of $200, and the interest of $3000 of his personal property, during her widowhood. It then proceeds as follows:

"And after the decease of said Phebe, my beloved wife, the aforesaid amount of $3000 to return to my estate, and be equally divided among my lawful heirs, as I shall order.

"I do will and order that my real estate be sold at the earliest and most convenient time, at public sale; the said time not to exceed two years from the time of my decease, and that the proceeds of my real estate, with the remainder of my personal property, be divided and apportioned among my children, grandchildren, and heirs, as I shall further order.

"I do order, will and bequeath, as a legacy to my eldest son, Austin Woodward, the interest accruing from $700, to be paid to said Austin semi-annually, during his natural life, by my executors; the $700 to be taken from my estate for said purpose and intent, and to be held by my said executors; and after decease of said Austin Woodward, the said amount, $700, to return to my estate, and be equally divided, and paid to my lawful heirs. I further bequeath all my wearing apparel to said Austin Woodward.

"If my son, Austin Woodward, should die, leaving lawful issue, then it is my will that such heir or heirs shall be paid to them the said sum of $700, and the additional sum of $800, to be paid out as directed in this my last will and testament.

"And I do order and will that all moneys returning to my estate, occasioned by death or other delinquencies, at future time after my decease, shall be proportioned and paid to my lawful heirs, with the exception of said Austin Woodward;

the understanding being that said Austin Woodward has re-
ceived out of my estate, at sundry times, cash, notes, bonds,
and sufficient in amount to an equivalent of his share of my
estate. I order and will that my executors pay to Sarah, wife
of Austin Woodward, $100, as a legacy, to be taken from
my estate, and to be paid to Sarah two months after my
decease, or earlier, if convenient for my executors so to do.

"I will and bequeath to my son, Theodore Woodward,
$500, independent of his equal share of the proceeds of my
estate. I will and bequeath to my son, Abraham B. Wood-
ward, $500, as a legacy, independent of his equal share of the
proceeds of my estate, provided that he return home within
two years after my decease; his absence being of a character
to suppose him dead, I therefore order that if no intelligence
of him is obtained before the expiration of said term—two
years—it shall not be obligatory on the executors to hold the
amount of his share of my estate for him, but to make an
equal distribution, and to pay to each heir their proportion;
the executors not held responsible in case of his (said Abra-
ham B. Woodward's) return.

"I will and bequeath to my daughter Elizabeth E., wife
of Francis A. Drake, as a legacy, $800; the said Elizabeth
to receive the interest accruing from said amount, semi-annu-
ally during her natural life; my executors to invest the said
$800 in or on good and sufficient security; the said $800 to
be exclusively independent of the indebtedness due me from
the estate of Amedee Sanders, now deceased, for which I
hold bonds against said estate, now held, by will of Amedee
Sanders, by my daughter Elizabeth E., now wife of Francis
A. Drake; the said $800, after the decease of Elizabeth, to be
equally divided among her children that she now has or may
hereafter have, share and share alike; but in case of decease
of said Elizabeth and all her children, the said principal sum
of $800 to return to my estate and be equally divided among
my lawful heirs that be surviving.

"I will and bequeath my daughter Ann Augusta, wife of
John B. Dunster, as a legacy, $1500, independent of her

share of proceeds of my estate; the said Ann Augusta to hold the amount of the proportion of my estate in trust for her children during their minority, and pay or cause to be paid to each and all their share and amount held by her, as they, the children, arrive at age; said Ann Augusta to receive the interest accruing from the principal held by her in trust for her children; in case of death of any of said children during their minority, the share or portion of said child deceased to be divided among the remaining children; but in case of all the children of Ann Augusta Dunster decease, then the said amount to be retained and held by said Ann Augusta for her use and benefit during her natural life, and at her decease to return to my estate and be equally divided among my surviving heirs.

"I will and bequeath to my daughter Mary Jane, wife of Jacob G. Ballentine, as a legacy, $1500, independent of her share of proceeds of my estate; the said Mary Jane to hold the amount of her proportion of my estate in trust for her children, during their minority, and to pay or cause to pay to each and all their share and amount held by her, as they, the children, arrive at age; said Mary Jane to receive the interest accruing from the principal held by her in trust for her children; in case of the decease of any of said children during their minority, the share of said child deceased to be equally divided among the remaining children of said Mary Jane Ballentine; the said amount to be retained and held by said Mary Jane for her use and benefit during her natural life, and at her decease to return to my estate and be equally divided among my surviving heirs.

"I further will to each of my grandchildren, Oliver Woodward Sanders, son of my daughter, Elizabeth Drake, and Olive Dunster, son of my daughter, Ann Augusta Dunster, $250 each, to be paid to their representatives as soon as convenient after my decease, providing they are minors.

"I will and direct that my executors erect a head-stone for myself and wife, not to exceed $100 for each head-stone.

" I will and order my executors to have or to cause to have·
all my will faithfully carried out; the understanding béing·
that the legacies given to the several heirs . is to make an
equivalent with each of my children, and receive each an.
equal portion of my estate, independent of the legacies to be·
taken from the proceeds of my estate, real and personal."

The testator did not die intestate of any part of his estate..
He directs that his real estate be converted into money, and
that the proceeds thereof and the residue of his personal
property remaining after paying his debts and funeral ex-
penses, and taking out a specific legacy of the value of $200,
to his widow, and the sum of $3000 to be invested, that she
may have the interest of it, " be divided and apportioned"
among " his " children, grandchildren, and heirs, as " he
" shall further order." He also provides that all moneys·
" returning to his estate " shall be " proportioned and paid
to " his " lawful heirs," with the exception of his son Austin,.
who, he says, has received his full share of the estate already..
Near the close of the will, he declares it to be his " under--
standing " that the legacies of specified sums given to his·
children, are to make them equal with each other in their·
participation in his estate, and that each of them is to receive·
an' equal portion of his estate, in addition to their legacies.

Austin is excluded from participation in the estate beyond'
the specific gift of wearing apparel and the gift of the interest
of $700 for life. The rest of the children (except Abraham,
who has not been heard from since 1862,) are entitled to an
equal division of the residue of the estate which will remain·
after deducting the debts and funeral and testamentary ex-
penses, the specific legacies, the legacies of specified sums of"
money, and the sums to be invested for the benefit of the·
widow and Austin respectively, and $800 to be held until it
be ascertained whether the latter shall die· without lawful
issue or not. They will be entitled to· an equal division
among them, also, of the $3000 on the death of the widow,
and of the $700 and $800 on the death of Austin without
leaving lawful issue. The executors should invest the $800,

and if Austin leave lawful issue at his death, such issue will be entitled to the principal. The interest, in the meantime, will belong to those entitled to the residue of the estate. 2 *Roper on Legacies* 1306. The question was raised on the hearing, whether the testator's daughter, Elizabeth E. Drake, to whom the interest of $800 is given for life, and as to whose participation in the residue no particular mention is made, is entitled to such participation. The testator's intention is to be drawn from the will. There is nothing in it to exclude Mrs. Drake from participation in the residue. The testator's declaration of his intention, near the close of the will, that his children are each to receive an equal portion of his estate, over and above the legacies, applies to her. When the testator intended to exclude Austin from a participation in the residue, he did so in express and unequivocal terms. There is no language in the will expressive of an intention to exclude Mrs. Drake.